Rahman v. Garland

BIA
Conroy, IJ
A206 181 807

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6ᵗʰ day of May, two thousand twenty-one.

PRESENT:
> JOHN M. WALKER, JR.,
> DENNIS JACOBS,
> DENNY CHIN,
> *Circuit Judges.*

_____

FAYJUR RAHMAN,
> *Petitioner,*

v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

19-1480
NAC

FOR PETITIONER: Khagendra Gharti-Chhetry, Esq., New York, NY.

FOR RESPONDENT: Joseph H. Hunt, Assistant Attorney General; Kohsei Ugumori, Senior Litigation Counsel; David Kim,

Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Fayjur Rahman, a native and citizen of Bangladesh, seeks review of a May 7, 2019, decision of the BIA affirming a November 15, 2017, decision of an Immigration Judge ("IJ"), denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Fayjur Rahman,* No. A 206 181 807 (B.I.A. May 7, 2019), *aff'g* No. A 206 181 807 (Immig. Ct. N.Y. City Nov. 15, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the BIA's and IJ's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). We review the agency's adverse credibility determination for substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "Considering the totality of the circumstances, and all relevant factors,

2

a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant . . . , the consistency between the applicant's . . . written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's adverse credibility determination.

Rahman alleged past persecution and a fear of future persecution from members of the Awami League on account of his support for a rival political party. The agency reasonably concluded that he was not credible based on differences between his written statement and testimony, his evasiveness, and a lack of reliable corroboration. The agency reasonably relied on Rahman's failure to testify about the alleged attacks on his parents even when pressed to

identify any additional reasons that he feared returning to Bangladesh. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). This omission was material to his claim that Awami League members continue to look for him and was therefore information that "a credible petitioner would reasonably have been expected to disclose." *Hong Fei Gao*, 891 F.3d at 78-79; *see also Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that "material inconsistency in an aspect of [an applicant's] story that served as an example of the very persecution from which he sought asylum . . . afforded substantial evidence to support the adverse credibility finding." (internal quotation marks and citation omitted)). The agency was not required to credit Rahman's explanations that he could not or did not want to remember the events. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for . . . inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotations omitted)).

We defer to the agency's conclusion that Rahman's demeanor undermined his credibility, and the record reflects

4

that Rahman was evasive and unresponsive when asked about a letter written on his behalf by a leader of the Bangladesh Nationalist Party. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Majidi*, 430 F.3d at 81 n.1 (recognizing that particular deference is given to the trier of fact's assessment of demeanor).

Moreover, having questioned Rahman's credibility, the agency reasonably relied further on his failure to rehabilitate his testimony with reliable corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). The party leader's letter did not mention any of the alleged incidents of persecution and the agency reasonably declined to give weight to letters from Rahman's relatives and acquaintances in Bangladesh. *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013) (deferring to agency's decision not to credit letter from applicant's spouse); *see also In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209,

215 (B.I.A. 2010) (finding that letters from applicant's friends and family were not substantial support for claims because they were from interested witnesses not subject to cross-examination), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133–38 (2d Cir. 2012).

Given the material omissions, demeanor finding, and lack of reliable corroboration, the adverse credibility determination is supported by substantial evidence. *See Xiu Xia Lin*, 534 F.3d at 165–66. That determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court